UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SDF9 COBK LLC,

                          Plaintiff,

        -against-

AF & NR LLC, ALBERT ZAVUROV,
CONGREGATION TIFERETH TORNOR
DVORA SFARD, INC., Y. ZAVUROV, E
BUSINESS SERVICES, F. ZAVUROVA, N.
ZAVUROVA, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD
BUREAU, AND "JOHN DOE #1" to "JOHN
DOE #10" inclusive, et al.

                          Defendants.

**MEMORANDUM & ORDER**

12-cv-3078 (ENV) (RML)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 26 2014 ★
BROOKLYN OFFICE

VITALIANO, D.J.,

Plaintiff SDF9 COBK LLC commenced this action on June 20, 2012, seeking to foreclose on a commercial mortgage encumbering a parcel of real property located in Brooklyn. Defendants AF & NR LLC and Albert Zavurov ("Answering Defendants") timely responded to the complaint, while defendants Congregation Tifereth Tornor Dvora Seard, Inc., Y Zavurov, E Business Services, F. Zavurova, N. Zavurova and New York City Environmental Control Board Bureau ("Defaulting Defendants") failed to respond. By Memorandum & Order, dated November 13, 2013, the Court granted plaintiff's motions for default judgment against Defaulting Defendants and for a judgment of foreclosure against Answering Defendants, and referred the case to Magistrate Judge Levy for a Report & Recommendation ("R&R") as to the appropriate terms of foreclosure and a calculation of damages.

1

On July 8, 2014, Judge Levy issued his R&R, which recommended that a judgment of foreclosure be entered and that plaintiff's Proposed Order (Feuerstein Declaration, Ex. 8, dkt. # 30) be approved in all respects except for a small reduction in attorney's fees. Specifically, Judge Levy recommended: (1) that plaintiff be awarded a total of $8,273,787.81 against Answering Defendants, consisting of $8,259,473.15 in damages—representing the sum of outstanding principal, nominal interest, default interest, prepayment premiums and fees receivable, less credit for payments received—plus $13,470 in attorney's fees and $844.66 in costs; (2) that plaintiff be awarded additional interest payments from Answering Defendants from October 1, 2013 through the date of entry of judgment at a per diem rate of $3,198.07; (3) that John and/or Jane Doe Defendants #1 through #10 be discontinued and excised from the caption of this action; (4) that the mortgage be reformed to correct a clerical error; and (5) that plaintiff be granted leave to file a motion to amend the judgment to seek additional attorney's fees in the future.

In reviewing an R&R of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made" by any party, Fed. R. Civ. P. 72(b). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (quoting *Nelson v.*

*Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The R&R gave proper notice that any objection must have been filed within 14 days. The window closed on July 23, 2014. Defendants, unsurprisingly, did not file any objection. Plaintiff, however, filed what it termed an "objection", which stated, in its entirety:

> Your Honor recommended that plaintiff be awarded $3,799,309.24 in default interest, and an additional $3,198.07 per day in default interest from October 1, 2013 through the date of entry of judgment. Thereafter, it is our assumption that interest will assume at the statutory rate. This is concerning because if there is a delay in conducting the foreclosure sale interest will continue to accrue at a rate that is significantly less than what is provided for in the loan docs. Therefore, we respectfully request that the court grant default interest through the transfer of the Referee's Deed.

In other words, plaintiff seeks to ensure that it receives the default interest rate instead of the (lower) statutory rate for the as-yet undetermined period of time between the date of entry of judgment and the ultimate foreclosure sale.

A review of the record reveals that plaintiff never clearly presented this argument to Judge Levy before the R&R was issued. More significantly, plaintiff has not pointed to any loan documents or applicable caselaw that would authorize the imposition of any rate of post-judgment interest other than that provided by statute. As plaintiff clearly recognized that is precisely the intent of the recommendation Judge Levy made to the Court in his R&R. Upon *de novo* review of the written objection plaintiff filed, the Court finds no reversible error in Judge Levy's recommendation that the judgment earn interest after its entry at the statutory rate. There being no other objection, and in accord with the applicable

standard of review, the Court finds Judge Levy's R&R to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

Finally, on June 12, 2014, prior to Judge Levy's issuance of his R&R, plaintiff moved ex parte for appointment of a receiver. That motion has been largely resolved by Judge Levy's R&R approving plaintiff's proposed Judgment of Foreclosure and Sale, which covers the terms of the appointment of a receiver. In addition, the Court approves the appointment of Andrew H. Kulak as Receiver in this matter, as requested in plaintiff's June 12 motion. The motion itself is now denied as academic.

## Conclusion

The Court adopts Judge Levy's R&R in its entirety. Plaintiff's proposed Judgment of Foreclosure and Sale is approved as modified by the R&R.

Plaintiff is awarded a total of $8,273,787.81 against Answering Defendants. Plaintiff is awarded additional interest payments from Answering Defendants from October 1, 2013 through the date of entry of judgment at a per diem rate of $3,198.07. Default judgment against the Defaulting Defendants is ordered entered. The action against John and/or Jane Doe Defendants #1 through #10 is dismissed.

Collaterally, the Consolidation Agreement is re-formed so that "westerly side of Ocean Parkway" now reads "easterly side of Ocean Parkway." The Court appoints Andrew H. Kulak, Fiduciary ID #162548 of Kulak & Zaslowsky, as Receiver in this matter.

Finally, plaintiff is granted leave to file a motion seeking to amend the

judgment to add attorney's fees should there be any post-judgment litigation in this matter.

The Clerk of Court is directed to enter judgment and the order of foreclosure sale as well as to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
August 20, 2014

s/Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**